UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>ORDER GRANTING MOTIONS TO AMEND COMPLAINT AND DENYING MOTIONS TO FILE A SUPPLEMENTAL COMPLAINT<br>(Docs. 9, 10, 11, 15, 16, 19.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.     BACKGROUND**

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on February 6, 2012. (Doc. 1.) On April 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.) On April 16, 2012, May 17, 2012, August 23, 2012, August 30, 2012, and November 2, 2012, Plaintiff filed motions for leave to amend the complaint and to file a supplemental complaint. (Docs. 9, 10, 11, 15, 16, 19.)

**II.    MOTION TO AMEND**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse

1

party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, and no other parties have appeared, Plaintiff requires leave of court to file a Second Amended Complaint. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

      Plaintiff seeks to file a Second Amended Complaint to add defendants, claims, allegations, and requests for relief arising from events occurring at USP Atwater and USP Lompoc. Plaintiff's case has been pending since February 6, 2012. The delay in litigation will be further extended if Plaintiff is granted leave to amend. However, given that the complaint has not been served, and no other party has appeared in the action, amending the complaint will not prejudice the opposing party. The Court finds no evidence of bad faith. However, it would be futile for Plaintiff to add defendants and claims arising from events occurring at USP Lompoc, because this Court lacks venue over claims arising in the Northern District of California, where USP Lompoc is located. In the interest of justice, Plaintiff shall be granted leave to amend the complaint as to defendants, claims, and allegations arising from events occurring in the Eastern District of California, where USP Atwater is located. However, Plaintiff shall not be granted leave to include defendants, claims, and allegations arising from events occurring at USP Lompoc.

      Plaintiff must demonstrate in the amended complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50;

Moss, 572 F.3d at 969.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after February 6, 2012.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on February 6, 2012.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir.  2012)(en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Second Amended Complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.     MOTIONS TO FILE SUPPLEMENTAL COMPLAINT

Plaintiff also seeks to file a supplemental complaint.  Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  A party may only file a supplemental complaint with leave of court.  Id.  When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

3

Because Plaintiff is being granted leave to amend by this order, there is no operative complaint at this juncture for Plaintiff to supplement, making it futile at this stage of the proceedings to file a supplemental complaint. Therefore, Plaintiff's motion to file a supplemental complaint shall be denied without prejudice to renewal at a later stage of the proceedings.

## IV.   CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to amend the complaint are GRANTED;
2. Plaintiff's motions to file a supplemental complaint are DENIED without prejudice;
3. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint, as instructed by this order;
4. The Second Amended Complaint should be clearly and boldly titled "Second Amended Complaint," refer to case number 1:12-cv-00165-AWI-GSA-PC, and be an original signed under penalty of perjury;
4. The Clerk of the Court shall send to Plaintiff one civil rights complaint form; and
5. Plaintiff's failure to comply with this order shall result in the dismissal of this action for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **January 8, 2013**              /s/ **Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE

4