UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. 22.)<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

**I.    BACKGROUND**

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on February 6, 2012. (Doc. 1.) On April 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.) On April 16, 2012, May 17, 2012, August 23, 2012, August 30, 2012, and November 2, 2012, Plaintiff filed motions for leave to amend the complaint and to file a supplemental complaint. (Docs. 9, 10, 11, 15, 16, 19.) On January 8, 2013, the court entered an order granting Plaintiff's motion to amend and denying Plaintiff's motion to file a supplemental complaint. (Doc. 20.) On February 8, 2013, Plaintiff filed the Second Amended Complaint. (Doc. 21.) On August 9, 2013, Plaintiff filed a motion for leave to amend the complaint. (Doc. 22.)

## II. LEAVE TO AMEND – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint twice, Plaintiff's requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### Discussion

Plaintiff's case has been pending since February 6, 2012. The delay in litigation will be further extended if Plaintiff is granted leave to amend. However, given that the complaint has not been served, and no other party has appeared in the action, amending the complaint will not prejudice the opposing party. Plaintiff seeks to file a Third Amended Complaint to add parties and a new legal claim. The Court finds no evidence of bad faith or futility. Therefore, in the interest of justice, Plaintiff's motion for leave to amend the complaint shall be granted.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after February 6, 2012. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on February 6, 2012. Moreover, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is reminded that

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, filed on August 9, 2013, is GRANTED;

2. Within thirty days from the date of service of this order, Plaintiff shall file a Third Amended Complaint as instructed by this order;

3. The Third Amended Complaint should be boldly titled "Third Amended Complaint," refer to case number 1:12-cv-00165-AWI-GSA-PC and be an original signed under penalty of perjury; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 16, 2013**                              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE