UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>             Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>             Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RETURN OF MOTIONS AND EXHIBITS<br>(Doc. 32.)<br><br>ORDER DENYING MOTION FOR COURT TO RE-MAIL CONTENTS OF ENVELOPE<br>(Docs. 33.)<br><br>ORDER DENYING MOTION FOR COURT TO LABEL COURT'S LEGAL MAIL<br>(Doc. 34.)<br><br>ORDER FOR PLAINTIFF TO CLARIFY HIS INTENTIONS<br>(Resolves Docs. 29, 30, 31.)<br><br>THIRTY DAY DEADLINE TO FILE WRITTEN NOTICE TO COURT |

**I.      BACKGROUND**

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on February 6, 2012. (Doc. 1.) On April 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.)

///

On April 16, 2012, May 17, 2012, August 23, 2012, August 30, 2012, and November 2, 2012, Plaintiff filed motions for leave to amend the complaint and to file a supplemental complaint. (Docs. 9, 10, 11, 15, 16, 19.) On January 8, 2013, the court entered an order granting Plaintiff's motion to amend and denying Plaintiff's motion to file a supplemental complaint. (Doc. 20.) On February 8, 2013, Plaintiff filed the Second Amended Complaint. (Doc. 21.)

On August 9, 2013, Plaintiff filed another motion for leave to amend the complaint. (Doc. 22.) On August 19, 2013, the court granted Plaintiff leave to file a Third Amended Complaint within thirty days. (Doc. 24.)

On August 30, 2013, Plaintiff filed four motions: (1) motion to make correction and clarification, (Doc. 29); (2) motion for extension of time to file amended or supplemental complaint, (Doc. 30); (3) motion for leave to file supplemental complaint, (Doc. 31); and (4) motion for the court to return exhibits, (Doc. 32). On September 6, 2013, Plaintiff filed two additional motions: (5) motion for copies of mail sent to Plaintiff, (Doc. 33) and (6) motion for court to label mail, (Doc. 34). Plaintiff's six motions are now before the court.

## II.     MOTION TO RETURN DOCUMENTS AND EXHIBITS

Plaintiff requests return of some of the documents he filed with the court. Plaintiff filed a motion for leave to amend which was granted, allowing him thirty days to file a Third Amended Complaint. (Docs. 22, 24.) Plaintiff asserts that together with the motion, he submitted "other filings that included motions, exhibits, and grievance copies." (Motion, Doc. 32 at 1.) Plaintiff requests the court to return the "other filings," "dated August 4 and August 18, 2013." (Id.) Plaintiff argues that he needs these documents "so that I can make the necessary adjustments to file a 'Third Amended Complaint' by the 30 day deadline." (Id.)

**Discussion**

The court record shows that on August 9, 2013, Plaintiff filed a one-page motion for leave to amend, (Doc. 22), and a twenty-nine page motion for injunctive relief, (Doc. 23). The motion for injunctive relief consists of the motion itself (eleven pages) and attached exhibits (eighteen pages) which include copies of inmate grievances. (Doc. 23 at 12-29.) On August

22, 2013, Plaintiff filed a two-page motion to appoint counsel, (Doc. 25), and a five-page motion to add and amend, (Doc. 26). It appears from Plaintiff's description that he seeks return of the motion for injunctive relief and its attached exhibits, the motion to appoint counsel, and the motion to add and amend.

Plaintiff's request for the return of filed documents shall be denied. Paper filings for a case remain part of the court's official record for a variable time period, after which they are discarded. Moreover, due to the large volume of cases and documents received at this court, individual requests for return of documents are not granted without a compelling reason. Plaintiff was informed in the First Informational Order issued on February 8, 2012, that:

> "Paper documents submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office. After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded. Local Rule 138(d). For this reason, ***pro se litigants are cautioned not to send original exhibits to the court***. When it is appropriate for pro se litigants to submit exhibits to the court (see paragraph 6), ***litigants shall retain their original exhibits and send photocopies to the court***." (Doc. 3 at 4 ¶7) (emphasis added).

Thus, Plaintiff was forewarned that the court discards the original documents and only retains an electronic record. Plaintiff has not stated a compelling reason for the court to return original documents to him. Plaintiff may obtain copies of his court documents for 50 cents per page, by mailing a written request to the Clerk accompanied by payment for the copies and a self-addressed, stamped envelope for return of the copies.[1]

In the future, Plaintiff should only send *copies* of exhibits to the court, and he should keep a copy of every document he submits to the court.

### III. MOTION FOR COURT TO RE-MAIL CONTENTS OF ENVELOPE

Plaintiff requests the court to re-mail to him the contents of the envelope he received from the court on September 2, 2013, which was dated August 30, 2013. Plaintiff expresses concern that he did not receive all of the court's mail, because the mail was opened and the

---

[1] As discussed above, the motion for injunctive relief (document #23) contains 29 pages; the motion to appoint counsel (document #25) contains 2 pages; and the motion to add and amend (document #26) contains 5 pages.

contents were transferred into a non-court envelope before being delivered to Plaintiff. Plaintiff asserts that he only received (1) a copy of the court's order denying appointment of counsel, (Doc. 28), and (2) a conformed copy of Plaintiff's motion filed on August 30, 2013, (Doc. 32), from the court's August 30 mailing.  See Exhibits to Doc. 33.

Plaintiff is advised that the court does not keep a record of all of the contents of every envelope mailed from the court.  The court's electronic record for this action shows entries made on August 30, 2013, indicating that the court issued an order denying appointment of counsel (Doc. 28) and served a copy upon Plaintiff.  (Court Record.)  There is no other record of documents mailed to Plaintiff on August 30, 2013.  Plaintiff has already received Document 28.  Therefore, Plaintiff's motion shall be denied.

**IV.    MOTION FOR COURT TO LABEL ENVELOPES FROM COURT**

Plaintiff requests the court to affix a label -- "Only Open in Front of Inmate" -- on the outside of envelopes mailed to him by the court, to deter prison officials from improperly handling his court mail.  Plaintiff is advised that the court processes a large volume of mail and is unable to consider individual requests, such as Plaintiff's, for special processing.  Therefore, Plaintiff's motion shall be denied.

**V.     PLAINTIFF'S INTENTIONS ARE NOT CLEAR**

The court requires Plaintiff to clarify his intentions with regard to amending the complaint.  In his motion to make correction and clarification, (Doc. 29), Plaintiff states that he "errored" in requesting permission to file a third amended complaint, and he requests "the second amended complaint be returned to the docket."  In his motion for extension of time, (Doc. 30), Plaintiff requests "a 30 day extension to file an amended, [and/or] supplemental complaint.  In his motion for leave to file supplemental complaint (Doc. 31), Plaintiff requests leave "to file a supplemental complaint that includes Injunctive Relief, and a new legal claim."  And in his motion for the court to return exhibits, (Doc. 32), Plaintiff expresses his intention to "file a 'Third Amended Complaint' by the 30 day deadline."

///

Thus, Plaintiff expresses conflicting intentions in his filings, and the court cannot determine whether Plaintiff seeks to proceed with the Second Amended Complaint, file a Third Amended Complaint, or file a Supplemental Complaint. Plaintiff shall be required to file written notice with the court, stating his intentions, within thirty days.

## VI. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the court to return his motions and exhibits is DENIED;
2. Plaintiff's motion for the court to re-mail him the contents of an envelope is DENIED;
3. Plaintiff's motion for the court to affix a label on the envelopes mailed to him is DENIED;
4. Within thirty days from the date of service of this order, Plaintiff is required to file written notice with the court stating his intentions with regard to amending the complaint; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 15, 2013**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE