1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH A. BROWN,                          1:12-cv-00165 AWI GSA (PC)

12            Plaintiff,

13      v.                                     ORDER DENYING MOTION FOR
                                               APPOINTMENT OF COUNSEL
14   UNITED STATES OF AMERICA, et al.,
                                               (Document# 41)
15            Defendant.

16

17        On October 28, 2013, plaintiff filed a motion seeking the appointment of counsel.

18   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland,

19   113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

20   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the

21   Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27   of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances.  At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits.  Plaintiff filed the Third Amended Complaint on September 23, 2013 and lodged a proposed supplemental complaint on October 28, 2013, and the Complaint and supplemental complaint await the Court's review and screening required under 28 U.S.C. 1915.  Thus, to date the Court has not found any cognizable claims in plaintiff's complaint for which to initiate service of process, and no other parties have yet appeared.  Moreover, based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims.  Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 7, 2013**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

2