UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>        Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT<br>(Doc. 36; also resolves Doc. 39.)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN ALL-INCLUSIVE FOURTH AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER<br><br>THIRTY DAY DEADLINE TO FILE FOURTH AMENDED COMPLAINT |

**I.    BACKGROUND**

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on February 6, 2012. (Doc. 1.) On April 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.) On February 8, 2013, Plaintiff filed the Second Amended Complaint, with consent of the court. (Doc. 21.) On August 9, 2013, Plaintiff filed a motion to amend the complaint, which was granted by the court on August 19, 2013. (Docs. 22, 24.)

On September 23, 2013, Plaintiff filed the Third Amended Complaint and a motion for leave to file a supplemental complaint. (Docs. 36, 37.) On October 28, 2013, Plaintiff lodged a proposed Supplemental Complaint. (Doc. 42.)

### III. SUPPLEMENTAL COMPLAINTS – RULE 15(d)

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may only file a supplemental complaint with leave of court. Id. When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

### III. PLAINTIFF'S MOTION

Plaintiff's motion consists, in its entirety, of the following:

> "I hereby request permission from the court to file a supplemental complaint in this case (Fed. R. Civ. P. 15(d)), to tell of events that have happened since the filing of this case, and to seek injunctive relief, & declaratory relief concerning this case and issues, as well as a new legal claim." (Doc. 36.)

### IV. DISCUSSION

The court has reviewed Plaintiff's Third Amended Complaint and proposed Supplemental Complaint.

#### *Third Amended Complaint*

In the Third Amended Complaint, Plaintiff names as defendants Correctional Officer Briceton, Lt./DHO Gonzalez, Doe Defendant #1 (Physician's Assistant), Doe Defendant #2 (Doctor), Paul Copenhaven (Warden), and Robert McFadden (Western Regional Director). The events at issue allegedly occurred at the United States Penitentiary in Atwater, California (USP-Atwater) when Plaintiff was incarcerated there. Plaintiff alleges that employees at USP-Atwater retaliated against him, after a case against Plaintiff concerning a May 2008 incident with an officer at USP-Atwater was dismissed. Plaintiff alleges that Warden Copenhaven and

Regional Director McFadden conspired to retaliate against him by referring him to a lockdown control unit after they both were made aware that Plaintiff suffers from mental illness and filed grievances to protest the referral. Plaintiff alleges that Lt./DHO Gonzalez joined the conspiracy when, disguised as a Lieutenant, he intentionally denied Plaintiff due process at the hearing referring him to lockdown. Plaintiff had also told Lt./DHO Gonzalez about his mental illness. Plaintiff also alleges he was assaulted by C/O Briceton, who threatened to punish him for the May 2008 incident. Plaintiff alleges that the two Doe Defendants refused to treat him for a serious case of food poisoning. Plaintiff requests monetary damages as relief.

### *Proposed Supplemental Complaint*

In the proposed Supplemental Complaint, Plaintiff names as defendants Paul Copenhaven (Warden) and Robert McFadden (Regional Director) (collectively, "Defendants"). The events at issue in the Supplemental Complaint occurred at USP-Atwater when Plaintiff was incarcerated there. Plaintiff alleges that Defendants retaliated against him in September 2011 after he stood trial and was exonerated for a May 2008 incident that occurred with a staff officer at USP-Atwater. Plaintiff alleges that Defendants conspired to retaliate against him by referring him to a lockdown control facility, knowing that Plaintiff has a documented mental illness. Plaintiff requests monetary damages and injunctive and declaratory relief.

Plaintiff's allegations in the proposed Supplemental Complaint of retaliation against him by defendants Copenhaver and McFadden, appear to be a continuation of Plaintiff's allegations against the same two defendants in the Third Amended Complaint. As such, all of Plaintiff's claims against defendants Copenhaver and McFadden are related under Rule 18(a), which provides that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). Therefore, all of Plaintiff's allegations and claims against defendants Copenhaver and McFadden may be brought in one action.

There is no need for Plaintiff to file a supplemental complaint to add his later allegations and claims. Because Plaintiff's later allegations occurred in 2011, *before* Plaintiff

filed this action in February 2012, all of Plaintiff's allegations against defendants Copenhaver and McFadden may be included in one complaint. Therefore, Plaintiff's motion to file a supplemental complaint shall be denied, and Plaintiff shall instead be granted leave to file a Fourth Amended Complaint which includes all of the related events at issue which occurred before the original Complaint was filed on February 6, 2012.[1]

## V.    CONCLUSION AND ORDER

The court finds that all of Plaintiff's related claims may be included in one complaint. Plaintiff shall be granted thirty days in which to file a Fourth Amended Complaint which includes all of his related claims arising from events occurring before February 6, 2012.

Plaintiff is reminded that he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Id. at 683. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 663 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

///

---

[1] "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to file a supplemental complaint, filed on September 23, 2013, is DENIED;
2. Plaintiff is granted leave to file a Fourth Amended Complaint;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Fourth Amended Complaint as discussed above, using the court's form;
4. The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to case number 1:12-cv-00165-AWI-GSA-PC, and be an original signed under penalty of perjury;
5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and
6. Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 20, 2013**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE