UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Docs. 23, 40.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

    Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on February 6, 2012. (Doc. 1.) On April 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.) On February 8, 2013, Plaintiff filed the Second Amended Complaint, with consent of the court. (Doc. 21.) On August 9, 2013, Plaintiff filed a motion to amend the complaint, which was granted by the court on August 19, 2013. (Docs. 22, 24.) On September 23, 2013, Plaintiff filed the Third Amended Complaint and a motion for leave to file a supplemental complaint. (Docs. 36, 37.) On November 20, 2013, the court denied Plaintiff's motion for leave to file a supplemental complaint, and granted Plaintiff leave to file an all-inclusive Fourth Amended Complaint. (Doc. 42.)

On August 9, 2013 and October 28, 2013, Plaintiff filed motions for preliminary injunctive relief. (Docs. 23, 40.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### Discussion

Plaintiff requests his release from a lockdown control unit into the general population. Plaintiff also requests that the results of his mental health evaluation be removed from his file.

///

By separate order issued on November 20, 2013, the court granted Plaintiff leave to file a Fourth Amended Complaint which will supercede the Third Amended Complaint. (Doc. 44.) Plaintiff was granted thirty days in which to file the Fourth Amended Complaint. (Id.) Therefore, at this juncture, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Accordingly, Plaintiff's motions for preliminary injunctive relief should be denied.

### III.  CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on August 9, 2013 and October 28, 2013, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 20, 2013**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE