UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>        Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AS MOOT<br>(Doc. 47.) |

## I.    BACKGROUND

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971)</u>.  Plaintiff filed this case on February 6, 2012. (Doc. 1.)

On December 12, 2013, Plaintiff filed the Fourth Amended Complaint and a motion for preliminary injunctive relief.  (Docs. 47, 48.)  On February 6, 2014, the court issued an order dismissing the Fourth Amended Complaint for failure to state a claim, with leave to amend. (Doc. 51.)

Plaintiff's motion for preliminary injunctive relief is now before the court.

## II.   PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure

the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff requests an order voiding the results of his disciplinary hearing and remove him from the lockdown facility where he is housed.

On February 6, 2014, the court dismissed Plaintiff's Fourth Amended Complaint for failure to state a claim, with leave to file a Fifth Amended Complaint which will supercede the Fourth Amended Complaint.  (Doc. 51.)  Plaintiff was granted thirty days in which to file the Fifth Amended Complaint.  (Id.)  Therefore, at this juncture, the court does not have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in

this action.  <u>Zepeda</u>, 753 F.2d at 727.   Accordingly, Plaintiff's motion for preliminary injunctive relief shall be denied as moot.

**III.     CONCLUSION**

  Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary injunctive relief, filed on December 12, 2013, is DENIED as moot.

IT IS SO ORDERED.

  Dated:   **February 10, 2014**     **/s/ Gary S. Austin**
               UNITED STATES MAGISTRATE JUDGE