UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AS PREMATURE, WITHOUT PREJUDICE (Doc. 54.) |

**I.　BACKGROUND**

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed this case on February 6, 2012. (Doc. 1.)

On March 3, 2014, Plaintiff filed the Fifth Amended Complaint and a motion for preliminary injunctive relief. (Docs. 53, 54, 55.) Plaintiff's motion for preliminary injunctive relief is now before the court.

**II.　PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable

harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

"A federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff requests an order requiring defendant Paul Copenhaven, Warden of United States Penitentiary (USP)-Atwater to "strike, void, and or remove the referral used to send the plaintiff Joseph A. Brown to a lock-down, control-unit facility." (Motion, Doc. 54 at 6 ¶16.) Because defendant Copenhaven has not appeared in this action, the Court does not have jurisdiction at this stage of the proceedings to issue an order requiring him to act.  Therefore, Plaintiff's motion shall be denied as premature, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed March 3, 2014, is DENIED as premature, without prejudice.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE