UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>           Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>           Defendants. | 1:12-cv-00165-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A <u>BIVENS</u> CLAIM (Doc. 55.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Joseph A. Brown ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on February 6, 2012. (Doc. 1.) On April 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.) On February 8, 2013, Plaintiff filed the Second Amended Complaint, with leave of court. (Doc. 21.) On September 23, 2013, Plaintiff filed the Third Amended Complaint, with leave of court. (Doc. 37.) On December 12, 2013, Plaintiff filed the Fourth Amended Complaint, with leave of court. (Doc. 48.) The court screened the Fourth Amended Complaint and issued an order on February 6, 2014, dismissing the Fourth Amended Complaint for failure to state a claim, with leave to amend. (Doc. 51.) On March 3, 2014, Plaintiff filed the Fifth Amended Complaint, which is now before the court for screening. (Doc. 55.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.     SUMMARY OF FIFTH AMENDED COMPLAINT

Plaintiff is a prisoner in the custody of the federal Bureau of Prisons, presently incarcerated at the United States Penitentiary (USP) in Allenwood, Pennsylvania.  The events at issue in the Fifth Amended Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there.  Plaintiff names as sole defendant Paul

Copenhaven (Warden of USP-Atwater) ("Defendant"). Plaintiff's factual allegations follow, in their entirety:

> "After I was vindicated in 2011 of a criminal case in U.S. District Court (case dismissed) concerning an incident that occurred with a staff officer in (USP) Atwater in 2008, RETALIATION was inflicted and used by the Warden of (USP) Atwater Paul Copenhaven when he was notified and made aware that I suffer from a very significant mental illness (See Exhibits A&B) before he referred me to be sent to a lockdown, control-unit facility that was in violation of my protected conduct, by acting with an adverse action. There was a casual [*sic*] connection of his actions with the incident I was vindicated of. The defendant also violated B.O.P. Policy statement 541.41(c)(1)(c) by making the referral. As a result of his adverse actions to retaliate, I have suffered numerous traumatic injuries due to causation that include being stabbed, & suffering numerous assaults, & the worsening of my mental illness, etc." (Fifth Amended Complaint at 3 ¶IV.)

Plaintiff requests monetary damages as relief.

## IV.    PLAINTIFF'S CLAIMS

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006). "Actions under § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Van Stum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991.) The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under <u>Bivens</u>, a plaintiff must allege that a federal officer deprived him of his constitutional rights." <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing <u>see</u> <u>Shwarz v. United States</u>, 234 F.3d 428, 432 (9th Cir. 2000). A <u>Bivens</u> claim is only available against officers in their individual capacities, <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996), and Plaintiff must allege facts linking each named defendant to the violation of his rights, <u>Iqbal</u>, 556 U.S. at 676; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). "A plaintiff must plead

more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir.1988). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-78; Moss, 572 F.3d at 969.

### A. Official Capacity

Plaintiff brings this action against Defendant in both his official and individual capacity. Plaintiff may not bring suit against Defendant in his official capacity. As noted above, a Bivens claim is only available against officers in their individual capacities.

Bivens provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a Bivens action may only be brought against the responsible federal official in his or her individual capacity. Morgan, 323 F.3d at 780 n.3; Vaccaro, 81 F.3d at 857.

Accordingly, Plaintiff fails to state a claim for damages against Defendant in his official capacity.

### B. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). The Supreme Court has not recognized a claim sounding in the First Amendment under Bivens; however, "the Court assum[ed] without deciding [in Iqbal] that Iqbal's First Amendment claim [was] actionable in a Bivens action." Iqbal, 556 U.S. at 663, 675. Even assuming that Bivens liability extends to First Amendment claims, Plaintiff fails to state a cognizable claim for retaliation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a [governmental] actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that Defendant referred him to a lockdown facility after Defendant was notified, by way of Plaintiff's 2008 criminal case and Plaintiff's submission of inmate grievances at USP-Atwater, that Plaintiff suffers from mental illness. Plaintiff satisfies the first element of a retaliation claim, that a governmental actor, Defendant, took some adverse action against him. However, Plaintiff fails to establish a nexus between Plaintiff's exercise of protected conduct and the adverse action. While it is true that Plaintiff alleges he participated in the inmate grievance process, which is protected conduct, Plaintiff has not demonstrated that Defendant acted against him *because* he exercised his right to file grievances. Further, Plaintiff has not alleged that his placement in lockdown did not reasonably advance a legitimate correctional goal. Therefore, Plaintiff fails to state a claim for retaliation.

### C. Due Process

The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Plaintiff claims that his rights to due process were violated by his detention in "a lockdown control-unit facility." (Fifth Amended Complaint at 3 ¶IV.) The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement," Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005), or in being confined in the general prison population instead of administrative segregation, see Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement

ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff does not explain in his allegations why he was placed on lockdown or how long he was housed there, nor do his exhibits to the Fifth Amended Complaint offer explanation. Plaintiff makes vague allegations that he was stabbed and assaulted, and that his mental illness worsened, and he alleges that Defendant violated B.O.P. Policy Statement 541.41(c)(1)(c) by referring him, an inmate with mental illness, to segregated housing. These allegations do not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from segregated housing. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996). Plaintiff's allegations are not sufficient to show that Plaintiff himself was subject to a "dramatic departure" from standard conditions at the prison outside of segregated housing. Therefore, Plaintiff fails to establish the existence of a protected liberty interest and thus fails to state a claim for violation of due process.

**D.    Conditions of Confinement -- Eighth Amendment Violation**

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) cert. denied, 514 U.S. 1065 (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the

minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

Plaintiff makes vague allegations that he was stabbed and assaulted, and that his mental health worsened, due to his conditions of confinement. However, Plaintiff has not alleged facts demonstrating that Warden Copenhaven acted against him while knowing of and purposely disregarding a substantial risk of serious harm to Plaintiff. Plaintiff alleges that the Warden referred him to be sent to a lockdown, control-unit facility, in violation of a BOP Policy Statement that prohibits the Warden from referring an inmate for placement in a control unit if the inmate shows evidence of a significant mental disorder as documented in a mental health evaluation. With these allegations, Plaintiff may, at most, be able to state a claim for negligence, which is not actionable under Bivens. Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Eighth Amendment.

## V.     CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Fifth Amended Complaint fails to state any cognizable claims upon which relief may be granted under Bivens. In this action, the Court previously gave Plaintiff ample guidance and granted him multiple opportunities to amend. Plaintiff has

now filed six complaints.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

  Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be DISMISSED with prejudice for failure to state a claim upon which relief may be granted under Bivens; and

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintifff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

 Dated: **September 13, 2014**   **/s/ Gary S. Austin**
              UNITED STATES MAGISTRATE JUDGE